IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NICOLAS MARQUEZ, #1451935 | § | |
| VS. | § | CIVIL ACTION NO. 9:09cv71 |
| NATHANIEL QUARTERMAN, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Nicolas Marquez, a prisoner confined at the Polunsky Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c). The present memorandum opinion concerns Defendant Woody's latest motion to dismiss (docket entry #39).

The original complaint was filed on April 24, 2009. The Plaintiff complained about the prison system's refusal to provide him with dentures. Dr. Woody is allegedly one of the dentists working for the prison system who refused to provide the Plaintiff with dentures. The Court previously issued a Memorandum Opinion and Order (docket entry #32) denying Dr. Woody's first motion to dismiss the claims against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The opinion explained why the Plaintiff has a potentially meritorious federal civil rights lawsuit against Dr. Woody under 42 U.S.C. § 1983 for being deliberately indifferent to his serious medical needs by denying him dentures.

In the present motion, Dr. Woody argued that the lawsuit should be dismissed because the Plaintiff failed to comply with Chapter 74 of the Texas Civil Practice and Remedies Code, which concerns state law Health Care Liability Claims. She specifically argued that the case should be dismissed because the Plaintiff failed to timely submit an expert report as required by Chapter 74. If the Plaintiff was pursuing supplemental state claims relating to Chapter 74, then Dr. Woody would have a basis for a dismissal of such claims. However, the Plaintiff's lawsuit involves § 1983 claims only. Federal law, not Texas law, governs § 1983 claims. If the Plaintiff attempts to pursue a Texas Health Care Liability Claim in this case, then Dr. Woody may reurge her motion. However, as it presently stands, this lawsuit is based solely on § 1983, and the motion to dismiss lacks merit. It is therefore

**ORDERED** that Dr. Woody's motion to dismiss Plaintiff's complaint (docket entry #39) is **DENIED**.

So **ORDERED** and **SIGNED** this **8** day of **December, 2009.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE