UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| NICOLAS MARQUEZ, #1451935 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 9:09cv71 |
| | § | |
| NATHANIAL QUARTERMAN, ET AL. | § | |

**DEFENDANT TANYA WOODY, D.D.S.'S**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

Defendant Tanya Woody, D.D.S. ("Dr. Woody") files this motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**I. SUMMARY OF ARGUMENT**

Dr. Woody is entitled to summary judgment on Plaintiff's claims because Plaintiff cannot raise a genuine issue of material fact that Dr. Woody deprived him of any right secured by federal law. No genuine issue of material fact exists that Dr. Woody was deliberately indifferent to any serious medical or dental need of Mr. Marquez because: (1) Dr. Woody was not aware of any facts from which an inference of substantial risk of serious harm to Mr. Marquez could be drawn; (2) Dr. Woody could not and did not actually drew such an inference; and (3) Dr. Woody could not and did not respond in any way that indicated that she subjectively intended that harm to Mr. Marquez occur.

**II. BRIEF FACTUAL BACKGROUND**

1. This is a health care liability claim. Plaintiff, Nicolas Marquez ("Mr. Marquez"), is currently and at all times relevant to this suit has been an inmate confined to the Polunsky Unit in Livingston, Texas. *See* Plaintiff's Complaint, Docket #2. Mr. Marquez sues Dr. Woody, among others, for allegedly refusing to provide him adequate dental treatment during a portion of his confinement. *See* Plaintiff's Complaint, Docket #2. Mr. Marquez filed suit on April 24,

2009, complaining that "for the past year and one-half" the defendants had improperly denied him dentures, causing him injury. *See id*, p. 4.

    2.    Dr. Woody first began working part-time at the Polunsky Unit on February 10, 2009. *See* Affidavit of Tanya Woody, attached as Exhibit A, ¶ 3. She did not work at the Polunksy Unit in any capacity before that date. *See id*. Dr. Woody stopped working at the Polunsky Unit during July, 2009. *See id*. Dr. Woody has never met Mr. Marquez. *See id,* ¶ 5. Dr. Woody never had a dentist-patient relationship with Mr. Marquez. *See id*, ¶ 4. Dr. Woody has never seen, examined, or treated Mr. Marquez for any dental or other health care related complaint or problem. *See id*, ¶¶ 5. No health care provider ever requested, either orally, or in writing, that Dr. Woody see, examine, or treat Mr. Marquez for any dental or other health care related complaint or problem. *See id*, ¶ 6. She has never spoken to Mr. Marquez concerning any subject matter including, but not limited to, any dental or other health care related complaint or problem. *See id*, ¶ 9.

    3.    Further, at no time prior to service of this lawsuit, was Dr. Woody ever aware of any dental condition, problem, or complaint relating to Mr. Marquez. *See id*, ¶ 7. Prior to this lawsuit, Dr. Woody was not aware of any need, desire, request, or complaint by Mr. Marquez for any dental treatment, including, but not limited to, the possibility of Mr. Marquez's obtaining dentures. *See id*. Dr. Woody never refused, nor had any opportunity to refuse, Mr. Marquez any dental care, examination, or treatment. *See id*, ¶ 8. Moreover, the dental records pertaining to Mr. Marquez during the period of time Dr. Woody worked at Polunsky Unit confirm that Dr. Woody never saw, examined, or treated Mr. Marquez, nor did she have the opportunity to do so. *See id*, ¶¶ 11-13. *See also* Dental Records from Polunsky Unit, attached hereto as Exhibit B.

### III. ARGUMENTS AND AUTHORITIES

**A. Mr. Marquez Must Show that Dr. Woody Was Deliberately Indifferent To His Serious Dental Needs**

4. Mr. Marquez brings a §1983 claim against various defendants, including Dr. Woody. *See* Plaintiff's Complaint, Docket #2. In order to establish liability against Dr. Woody, Mr. Marquez must prove the following three essential elements of his §1983 claim: (1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor. *See e.g. Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). Dr. Woody's motion for summary judgment should be granted because no genuine issue of material fact exists that Dr. Woody deprived Mr. Marquez of any right secured by federal law.

5. Mr. Marquez alleges generally that the defendants have deprived him of his Eighth Amendment right against cruel and unusual punishment. *See* Plaintiff's Complaint, Docket #2. Specifically, Mr. Marquez asserts that the defendants "have been deliberately indifferent to plaintiff's serious medical needs" and that such deliberate indifference constitutes "cruel and unusual punishment," in violation of his Eighth Amendment rights. *Id*. The Court has also previously ruled that Mr. Marquez has sufficiently plead a §1983 claim for deliberate indifference to his serious medical needs. *See e.g.* November 9, 2009 Memorandum Opinion and Order, Docket #32.

6. A claim of deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment is actionable under §1983. *See id*, at 483. In order to prevail on a claim of deliberate indifference to a prisoner's serious medical needs, Mr. Marquez must present evidence that Dr. Woody (1) had subjective knowledge of facts from which an inference of substantial risk of serious harm to Mr. Marquez could be drawn; (2) actually drew that inference; and (3) responded to the risk in a

manner indicating that she subjectively intended that harm occur. *See e.g. Thompson v. Upshur County*, 245 F.3d 447, 458-59 (5th Cir. 2001). Because Mr. Marquez cannot raise a genuine issue of material fact on any of these three components of his deliberate indifference claim, Dr. Woody's motion for summary judgment should be granted. *See e.g. Tamez v. Manthey*, --- F.3d ---, 2009 WL 4547906, at *4 (5th Cir. Dec. 2, 2009) ("For summary judgment purposes, then, the Tamez Family must raise a material fact issue concerning each [defendant's] subjective deliberate indifference").

7. This is an "extremely high" standard that Mr. Marquez must meet. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). He must demonstrate that Dr. Woody "[knew] of and disregard[ed] an excessive risk to his health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837-40 (1994) (Deliberate indifference occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety). The deliberate indifference standard is a subjective inquiry. *See Tamez,* 2009 WL 4547906, at *4 (citing *Scott v. Moore*, 114 F.3d 51, 54 (5th Cir. 1997)).

8. "It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In fact, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment." *Gobert*, 463 F.3d at 346. *See also Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (disagreement with a diagnosis or course of treatment state a cause of action for deliberate indifference to serious medical needs); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) ("Unsuccessful medical treatment does not give rise to a §1983 cause of action … nor does mere negligence, neglect or medical malpractice").

Instead, a showing of deliberate indifference requires Mr. Marquez to allege that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756 (internal quotation omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind.'" *Tamez*, 2009 WL 4547906, at *4 (quoting *McCormick v. Stalder* 105 F.3d 1059, 1061 (5th Cir. 1997).

9. Deliberate indifference is especially difficult to prove when the inmate was provided ongoing treatment, as Mr. Marquez was provided ongoing dental treatment in these circumstances. Mr. Marquez was seen on multiple occasions by members of the dental staff at the Polunsky Unit. See Dental Records, Exhibit B. In this situation, "the Fifth Circuit has held that an inmate who had been examined by medical personnel on numerous occasions failed to set forth a valid showing of deliberate indifference to serious medical needs." *Warren v. Telford Unit Medical Department*, No. 5:08cv182, 2009 WL 3806739, slip copy at *3 (E.D.Tex. Nov. 12, 2009). "It should be noted in this regard that medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference to serious medical needs." *Id*. (citing *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Copies of all records of such sick calls and examinations are attached as Exhibit B. *See* Dental Records, Exhibit B. *See also* Woody Affidavit, Exhibit A, ¶¶ 3, 11-13.

**B.   Dr. Woody Was Not Deliberately Indifferent to Mr. Marquez's Serious Dental Needs**

10. Dr. Woody was never subjectively aware of any facts from which a substantial risk of serious harm to Mr. Marquez could be inferred. Dr. Woody has never met Mr. Marquez. *See* Woody Affidavit, Exhibit A, ¶ 5. She has never seen, examined, or treated Mr. Marquez.

*See id.* She has never spoken to Mr. Marquez. *See id*, ¶ 9. Prior to Mr. Marquez's service of this lawsuit on Dr. Woody, she was not ever aware of any facts concerning the status of condition of Mr. Marquez's dental health, including, but not limited to: (a) any dental condition or problem complained of or suffered by Mr. Marquez or (b) any need, desire, request, or complaint by Mr. Marquez concerning any dental treatment. *See id*, ¶ 7.

11. Moreover, Mr. Marquez's dental records, detailing each of his requests and the corresponding responses by dental personnel or examinations confirm that Dr. Woody never saw Mr. Marquez or had the opportunity to do so. *See* Dental Records, Exhibit B. *See also* Woody Affidavit, Exhibit A, ¶¶ 3, 11-13. Mr. Marquez's dental records from February 10, 2009 through July 2009, the only time period during which Dr. Woody worked at the Polunsky Unit, do not contain Dr. Woody's name, signature, or any other evidence of her involvement. *See* Dental Records, Exhibit B. *See also* Woody Affidavit, Exhibit A, ¶¶ 3, 11-13. Where a defendant is unaware of the underlying facts of the risk of harm to which she is allegedly deliberately indifferent. *See e.g. Gibbs v. Grimmette*, 254 F.3d 545, 550 (5th Cir. 2001) (defendants who were unaware of diagnosed active cases of tuberculosis that could have infected the inmate did not act with subjective deliberate indifference by refusing to administer the skin test). *See also Ruiz v. Bureau of Prisons*, No. 1:06-CV-603, 2009 WL 4574294, slip opinion at *4 (E.D.Tex. Nov. 30, 2009) (plaintiff failed to demonstrate particular defendants were aware of facts demonstrating he was subject to a substantial risk of serious harm where the plaintiff could not show he complained to those particular defendants). For these reasons, no genuine issue of material fact exists that Dr. Woody was subjectively aware of any facts from which she could have drawn an inference that a risk of serious harm to Mr. Marquez existed.

12. Further, Dr. Woody did not actually draw any inference of a substantial risk to serious harm to Mr. Marquez. As noted above, Dr. Woody was not subjectively aware of Mr. Marquez, any dental conditions or complaints of Mr. Marquez, or of any facts from which an inference of any potential health risk to Mr. Marquez existed. For this reason, Dr. Woody could not and, in fact, did not draw any such inferences pertaining to any risks of serious harm to Mr. Marquez at any time.

13. Finally, Dr. Woody did not respond in any way indicating intent to harm Mr. Marquez. Because Dr. Woody could not and did not draw any inference that a substantial risk to Mr. Marquez's health or safety existed, she could not and did not act upon such an inference in any way. Hence, she could not and did not respond to that inference in any way indicating intent to harm Mr. Marquez. Again, she has never met Mr. Marquez. *See* Woody Affidavit, Exhibit A, ¶ 5. No genuine issue of material fact exists to show that Dr. Woody refused to treat Mr. Marquez, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *See Domino*, 239 F.3d at 756.

## IV. SUMMARY JUDGMENT EVIDENCE

EXHIBIT A      Affidavit of Tanya Woody, D.D.S.

EXHIBIT B      Dental Records of Nicolas Marquez from the Polunsky Unit

## V. CONCLUSION

Mr. Marquez cannot raise a genuine issue of material fact showing that Dr. Woody was subjectively aware of any facts from which she could have inferred a substantial risk of serious harm existed to Mr. Marquez's health or safety. Mr. Marquez cannot then raise a genuine issue of material fact that Dr. Woody actually drew such an inference or acted upon such inference in

any way. For these reasons, Mr. Marquez cannot demonstrate that Dr. Woody deprived Mr. Marquez of any federally protected right. Dr. Woody's motion for summary judgment should be granted.

### REQUEST FOR RELIEF

For these reasons, Defendant Tanya Woody, D.D.S. respectfully requests that the Court grant her motion for summary judgment, that Plaintiff take nothing from Dr. Woody, and for all such other relief, legal or equitable, to which Dr. Woody is justly entitled.

Respectfully submitted,

\_\_\_\_/s/ Don Karotkin_____
Don Karotkin
State Bar of Texas No. 11101300
KAROTKIN & ASSOCIATES
675 Bering Dr., Suite 660
Houston, Texas 77057
713-963-0533 (phone)
713-963-0544 (facsimile)

ATTORNEY-IN-CHARGE FOR DEFENDANT,
TANYA WOODY, D.D.S.

OF COUNSEL:

Adam D. Pollock
State Bar of Texas No. 24046644
KAROTKIN & ASSOCIATES

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document has been forwarded on the ___ day of January, 2010 to:

Mr. Nicolas Marquez
TDCJ #01451935, Polunsky Unit
3872 FM 350 South, Livingston, Texas 77351-8580


                                        _____/s/ Adam Pollock_____
                                        Adam Pollock