UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
September 6, 2011
Lyle W. Cayce
Clerk

No. 10-40378

D.C. Docket No. 9:09-CV-71



NICOLAS MARQUEZ,

    Plaintiff - Appellant

v.

TONYA WOODY; MS. UNIDENTIFIED HOLLIDAY, RDA University of Texas Medical Branch; K. WALLACE, University of Texas Medical Branch Practice Manager; UNIDENTIFIED LEMASTER, Correctional Officer III; NELDA WILLIAMS,

    Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Texas, Lufkin

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

J U D G M E N T

    This cause was considered on the record on appeal and the briefs on file.

    It is ordered and adjudged that the judgment of the District Court is affirmed in part and reversed in part, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

ISSUED AS MANDATE:

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
               Deputy

New Orleans, Louisiana   SEP 28 2011

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 6, 2011

Lyle W. Cayce
Clerk

No. 10-40378

NICOLAS MARQUEZ

Plaintiff - Appellant

v.

TONYA WOODY; MS. UNIDENTIFIED HOLLIDAY, RDA University of Texas Medical Branch; K. WALLACE, University of Texas Medical Branch Practice Manager; UNIDENTIFIED LEMASTER, Correctional Officer III; NELDA WILLIAMS,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:09-CV-71

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In this 42 U.S.C. §1983 action, Nicolas Marquez ("Marquez"), a prisoner currently confined in the Polunsky Unit in Texas, appeals the district court's decision granting summary judgment to several employees of the Texas Department of Criminal Justice ("TDCJ") and the University of Texas Medical Branch ("UTMB"). Marquez alleges that the employees were deliberately

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indifferent to his serious medical need for dentures and/or for a soft diet. Marquez contends that the district court erred by: (1) granting summary judgment to Registered Dental Assistant Holliday ("Holliday"), Practice Manager Williams ("Williams"), Correctional Officer K. Wallace ("Wallace"), Unidentified Lemaster ("Lemaster"), and Dr. Tonya Woody ("Woody"); (2) dismissing his claim for injunctive relief against Rick Thaler ("Thaler"), Director of the TDCJ,[1] Senior Warden Timothy Simmons ("Simmons"), and Mr. Guy Smith ("Smith"), Region I Administrator, TDCJ Grievances[2]; (3) unfairly applying Local Rule CV-3, which limits the page limit for filings by those proceeding pro-se but not those represented by counsel; and (4) failing to grant Marquez's motion for the appointment of counsel. We AFFIRM the grant of summary judgment to Holliday, Williams, Wallace, and Woody, and we REVERSE as to Lemaster. Additionally, we REVERSE the decision to dismiss Marquez's claim for prospective relief against Thaler.

## I. FACTS AND PROCEDURAL HISTORY

Marquez, TDCJ prisoner number 01451935, is currently confined in the Polunsky Unit—a state facility in Texas. It is undisputed that Marquez does not have any teeth. Marquez requested dentures several times but his request was denied because his body mass index ("BMI") was within the normal range of 18.5 to 25. He then requested a soft food diet and obtained a prescription for such a diet; however, he alleges that those in charge of food services refused to provide him with soft food. Specifically, he complained that when he approached Lemaster, a food services officer, about obtaining a soft food diet, Lemaster

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c), we substitute Thaler—acting Director of the TDCJ—for Nathaniel Quarterman, the former director of the TDCJ.

[2] Although Marquez mentions Smith and Simmons in his statement of the issues, he fails to provide any legal or factual arguments related to Smith or Simmons; therefore, he has waived these issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

crossed out "soft food" on Marquez's diet card and wrote "veggie" in its place. Marquez states that he has experienced severe gastrointestinal problems as a result of the lack of dentures and/or a soft food diet because he is forced to eat primarily peanut butter.

Marquez complains that Holliday, a dental technician, interfered with his ability to see the dentist and misled him as to whether he would be able to receive dentures. He alleges that Williams, a nurse, ignored his complaints that those in the food services department would not provide him with a soft food diet. He also complains that Wallace ignored his grievances concerning the refusal of those in the food services department to provide him with soft food.

Marquez filed several grievances through the prison's grievance system. He complained that the dentists refused to give him dentures despite the fact that he had no teeth because he had a "normal" BMI,[3] and that even though he had been prescribed a soft food diet, the food services department—specifically, Lemaster—failed to provide him with such a diet. His grievances were denied.

Marquez filed suit against the TDCJ and UTMB employees on April 24, 2009. Marquez and the defendants consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).[4] The magistrate judge conducted a *Spears*[5] hearing and subsequently dismissed Quarterman[6] and Simmons after

---

[3] No evidence was proffered that a "normal" BMI necessarily means a person is not malnourished.

[4] Woody did not explicitly consent to proceed before a magistrate judge, as an attorney from the Attorney General's office was the one to sign the consent form on behalf of the defendants, and she was not represented by the Texas Attorney General's office. However, the Supreme Court has held that "consent can be inferred from a party's conduct during litigation." *Roell v. Withrow*, 538 U.S. 580, 582 (2003). In this case, Woody's conduct indicates that she consented to proceed before a magistrate judge.

[5] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[6] As noted above, on appeal, we have substituted Thaler for Quarterman.

concluding that they had no personal involvement in Marquez's treatment. Woody, Holliday, Williams, Wallace, and Lemaster later filed motions for summary judgment. Although Marquez timely mailed a response to Holliday, Williams, Wallace, and Lemaster's motions for summary judgment to the clerk's office, the clerk refused to enter the response onto the docket because it was too lengthy, citing Local Rule CV-3,[7] which imposes a page limit of 20 pages, including attachments, on pro se litigants.

The magistrate judge granted summary judgment to Woody, Holliday, Williams, and Wallace, concluding that Marquez failed to show that they were deliberately indifferent. The judge also held that Holliday, Williams, and Wallace were entitled to qualified immunity, because their actions were not objectively unreasonable. Finally, the magistrate judge granted summary judgment to Lemaster, concluding that Marquez failed to exhaust his administrative remedies with respect to his claim against Lemaster. Marquez timely filed a notice of appeal.

## II. JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 28 U.S.C. § 1331. As the parties consented to proceed before a magistrate judge, we have jurisdiction to hear this appeal directly from the final judgment issued by the magistrate judge. *See* 28 U.S.C. § 636(c); 28 U.S.C. § 1291.

We review "the grant of summary judgment de novo, applying the same standard as the district court." *QT Trading, L.P. v. M/V Saga Morus*, 641 F.3d 105 (5th Cir. 2011) (internal quotation marks and citation omitted). Summary judgment should only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "We construe all facts and inferences in the light most favorable

---

[7] E.D. TEX. R. CV-3(b).

to the nonmoving party when reviewing grants of motions for summary judgment." *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 124 (5th Cir. 2011) (quoting *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005)).

### III. DISCUSSION

We pretermit the question of whether denial of dentures can qualify as a violation of the Eighth Amendment because we conclude that Marquez did not show that any of the medical providers acted with deliberate indifference to his medical needs. *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("A fundamental and long-standing principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."); *Republican Nat'l Comm. v. FEC (In re Cao)*, 619 F.3d 410, 436 (5th Cir. 2010) (en banc) ("The usual path of constitutional adjudication is first to consider the fact-based issue and to reach broader constitutional questions only if they are inescapably presented."), *cert. denied sub nom. Cao v. FEC*, 131 S. Ct. 1718 (2011).

A. <u>Did the district court err in granting summary judgment to the medical and dental providers?</u>

   1.   *Holliday*

Holliday was a registered dental assistant in the Polunsky Unit. Marquez alleged that she denied him adequate dental care and refused to provide him with dentures "even though she could see he is malnourished." The competent summary judgment evidence indicates that she performed the duties assigned by the attending dentist and did not have the authority to provide Marquez with dentures or to change the policy on dentures. As the evidence fails to show that Holliday acted unreasonably in not providing Marquez with dentures, much less with deliberate indifference, we conclude that the magistrate judge did not err in granting summary judgment to Holliday.

   2.   *Williams and Wallace*

Williams was a nurse in the Polunsky Unit. Marquez's only allegation concerning Williams states that she "[a]ided UTMB and TDCJ officials in denying plaintiff food he could eat." Williams provided an affidavit of a nursing manager employed by the UTMB stating that Marquez's records indicate that Williams's only contact with Marquez was to answer sick call requests by "either scheduling a Nursing call visit, a Provider sick call visit, or by response only. . . . Ms. Williams R.N. does not have the authority to order a diet or provide dentures for a patient."

Marquez alleged that Wallace, a Practice Manager in the UTMB Polunsky Unit Infirmary, "[d]enied plaintiff dentures although he has no teeth and cannot properly digest food available in unit chow hall per UTMB/TDCJ policy." The summary judgment evidence indicates that as a practice manager, Wallace's job was to ensure that processes were available to "facilitate access to health care for routine, specialty clinic appointments, and to assure that they were scheduled within the timelines set forth by TDCJ policy." The evidence shows that Wallace had no role in providing medical care; instead, her job was to ensure that patients received appropriate medical care. Wallace advised Marquez about the criteria for obtaining dentures.

We conclude that the magistrate judge did not err in granting Williams and Wallace's motion for summary judgment, as the evidence shows that Williams and Wallace took the actions that they were empowered to take with respect to Marquez's complaints. The record indicates that Williams and Wallace referred Marquez to a nurse or a doctor or otherwise responded to Marquez's requests. Marquez's conclusory statements in his verified complaint are insufficient to overcome Williams and Wallace's motion for summary judgment. *See Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 440 (5th Cir. 2005) (upholding a decision granting summary judgment to a defendant

when the only evidence presented by the plaintiff consisted of conclusory allegations).

### 3. *Woody*

The magistrate judge granted Woody's motion for summary judgment because it determined that Marquez failed to raise a genuine issue of material fact as to whether Woody treated Marquez and failed to raise a genuine issue of material fact as to whether Woody was deliberately indifferent to his serious medical needs. Although we find that Marquez did raise a genuine issue of material fact as to whether Woody treated him,[8] the competent summary judgment evidence shows that even if she did treat Marquez, Woody was not deliberately indifferent to Marquez's dental needs. The evidence fails to indicate that Woody ignored Marquez's requests for treatment, and Marquez does not address any actions that Woody might have taken differently that could have changed his outcome. The evidence shows that Woody did not have the authority to physically give Marquez dentures or to change the policy on dentures. We do not construe the law as requiring a dentist to pay for a prisoner's dentures out of her own pocket. The evidence does not show that Woody acted with deliberate indifference; therefore, we conclude that the magistrate judge did not err in granting her motion for summary judgment.

**B.** <u>Did the district court err in granting summary judgment to Lemaster?</u>

Marquez contends that the district court erroneously concluded that Marquez failed to exhaust his administrative remedies with respect to his claims against Lemaster and erroneously concluded that there was no evidence in the record to show that Marquez had contact with Lemaster. We agree.

---

[8] Although Woody's affidavit indicates that she never met or treated Marquez, Marquez's affidavit indicates that she did, in fact, see him. Despite this fact issue, we nonetheless conclude that the magistrate judge properly granted summary judgment to Woody because he failed to provide competent summary judgment evidence that Woody was deliberately indifferent to his need for dentures.

7

No. 10-40378

Before filing suit, a prisoner must exhaust the available administrative remedies. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 212 (2006). The record indicates that Marquez specifically named Lemaster in a step one grievance. Indeed, Lemaster concedes this point on appeal. Therefore, we conclude that the district court erred in dismissing Marquez's claim against Lemaster for failure to exhaust his administrative remedies.

Additionally, the record shows that the magistrate judge erred in concluding that there was no evidence in the record that Lemaster was deliberately indifferent to Marquez's serious medical need for a soft food diet. In his grievance, which was attached to his verified complaint and which was also sworn, Marquez specifically stated that Lemaster ignored Marquez's prescription for a soft food diet by taking Marquez's diet pass, crossing out the portion describing the soft food requirement, and writing "veggie" on it. Marquez alleged that Lemaster ignored him when he explained that he could not eat a veggie tray because he had no teeth. In his verified complaint, Marquez also stated that Lemaster "actually has thrown the plaintiff out of the chow hall refusing to provide him with any sustanance [sic] whatever." Thus, Marquez has shown that there is a fact issue as to whether Lemaster was aware that Marquez had a prescription for a soft food diet and deliberately denied him the prescribed diet.[9]

Additionally, Lemaster is not entitled to qualified immunity at this stage in the proceedings. "Government officials performing discretionary functions are entitled to qualified immunity from civil liability to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a

---

[9] Lemaster contends, and Marquez admits, that to the extent Marquez's claim for damages is against Lemaster in her official capacity, it is barred. *See United States ex rel. Barron v. Deloitte & Touche, L.L.P.*, 381 F.3d 438, 443 (5th Cir. 2004) ("An individual state officer sued in her official capacity for damages is entitled to Eleventh Amendment immunity . . . because the state that employs her is the real party in interest.").

8

reasonable person would have known." *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). It is clearly established that "state prisoners are entitled to reasonably adequate food." *Cooper v. Sheriff, Lubbock County*, 929 F.2d 1078, 1084 (5th Cir. 1991). The Eighth Amendment is violated if the denial of food constitutes a denial of "the 'minimal civilized measure of life's necessities."*Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998). Indeed, we have held that "[b]ecause depriving a prisoner of adequate food is a form of corporal punishment, the [E]ighth [A]mendment imposes limits on prison officials' power to so deprive a prisoner." *Cooper*, 929 F.2d at 1083.

Accepting Marquez's competent summary judgment evidence as true, as we must at this stage, Lemaster's actions clearly violated the Eighth Amendment because she refused to provide Marquez with a soft food despite the fact that a doctor prescribed him such a diet. It would be difficult to argue that Marquez did not need to eat soft food when it is apparent that Marquez has no teeth and when Marquez presented a prescription for a soft food diet to Lemaster which indicated that such a diet was medically necessary. We therefore reject Lemaster's qualified immunity defense at this stage based on the competent summary judgment evidence before this court, recognizing that the facts actually proven may be different from those sworn to by Marquez.

C. <u>Did the district court erroneously dismiss Marquez's claims against Thaler?</u>

Marquez contends that the district court erred in dismissing his claim for prospective relief against Thaler. The district court dismissed Marquez's complaint against Thaler because the doctrine of *respondeat superior* does not apply to suits under 42 U.S.C. § 1983, and Thaler was not personally involved in the alleged violation of Marquez's constitutional rights. We review dismissal of a complaint under 28 U.S.C. § 1915A de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam).

9

No. 10-40378

A plaintiff may not sue a state officer in her official capacity for damages because the official is entitled to Eleventh Amendment immunity. *United States ex rel. Barron*, 381 F.3d at 443. "[H]owever, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). An official cannot be held liable under § 1983 based solely on the theory of *respondeat superior*. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "The individual officials may be liable only for implementing a policy that is 'itself [] a repudiation of constitutional rights' and 'the moving force of the constitutional violation.'" *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (quoting *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)).

Here, Marquez's complaint specifically alleges that Thaler was "[r]esponsible for implimentation [sic] of TDCJ policy denying plaintiff dentures and a soft diet in lieu of dentures." The magistrate judge erroneously concluded that Marquez was suing Thaler solely because of his supervisory role, ignoring the fact that Thaler may be held liable if he implemented a policy that itself causes a constitutional violation. *See Oliver*, 276 F.3d at 742. Additionally, Thaler would not be entitled to qualified immunity for Marquez's claim for prospective injunctive relief under § 1983, as qualified immunity does not extend to suits for prospective relief. *See Orellana v. Kyle*, 65 F.3d 29, 33 (5th Cir. 1995) (per curiam). The magistrate judge thus erroneously dismissed Thaler's complaint without considering whether Thaler implemented or had the authority to modify or contravene the policy on dentures and whether such policy in fact resulted in a violation of Marquez's Eighth Amendment rights. For this reason, we reverse the dismissal of Marquez's claim for injunctive relief against Thaler and remand for consideration of these issues in the first instance.[10]

---

[10] Although Marquez originally sought injunctive and monetary relief from Thaler, his brief requests only that this court "restore Defendant [Thaler] for th[e] limited purpose" of

10

D. <u>Is Local Rule CV-3 unconstitutional?</u>

Although Marquez raises the constitutionality of Local Rule CV-3 as an issue before this court,[11] he failed to raise it below, and his brief contains no further factual or legal discussion of his contention that Local Rule CV-3 is unfair or unconstitutional. As such, he has waived this issue. *See Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 571 (5th Cir. 2005) (arguments not presented to the district court are waived); *Douglas W. ex rel. Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 210–11 n.4 (5th Cir. 1998) (per curiam) ("[F]ailure to provide any legal or factual analysis of an issue on appeal waives that issue.").

---

providing injunctive relief. Marquez therefore abandoned his claim for damages against Thaler.

Marquez also requests that this court allow him to amend his complaint to add Dr. Billy Horton, DDS, Director of the UTMB – Correctional Managed Care, as a defendant. Marquez did not seek to amend his complaint to add Horton in the district court; therefore, we do not consider the issue at this time. On remand, the district court may address whether Marquez should be permitted to amend his complaint. *See Chancery Clerk of Chikasaw County, Miss. v. Wallace*, 646 F.2d 151, 160 (5th Cir. 1981) (noting that plaintiffs had the opportunity on remand to correct an error by substituting as defendants those with the responsibility for challenged action).

[11] Local Rule CV-3 is an admittedly unusual rule that treats pro se litigants differently from those represented by counsel for purposes of determining how many pages of evidence each may submit. *See* E.D. TEX. R. CV-3(b). The record also indicates that Federal Rule of Civil Procedure 5(d)(4) was not followed in this case, as the clerk refused to accept Marquez's response. *See* FED. R. CIV. P. 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."). Nonetheless, Marquez has not shown that this failure harmed him, as he did not bring forward on appeal the evidence that he would have included in his response but was prevented from filing. Indeed, the magistrate judge had before her a great deal of evidence in the form of the medical records and grievances filed in the record by the defendants (as to whom there was no page restriction) as well as Marquez's sworn pleadings, all of which the magistrate judge considered. Finally, he did respond to Dr. Woody's motion for summary judgment, and that response was filed and not stricken such that the evidence presented there was also before the court.

E. <u>Did the district court err in denying Marquez's motion for appointment of counsel?</u>

Marquez contends that the magistrate judge erroneously denied his motion for appointment of counsel. By statute, the court has discretion to appoint counsel in a civil case, see 28 U.S.C. § 1915(e)(1); however, "there is no automatic right to appointment of counsel in a civil rights case . . . ." *Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir. 2001). A court has no obligation to appoint counsel for an individual raising a claim under 42 U.S.C. § 1983 "unless the case presents exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). In deciding whether to appoint counsel, the court should consider "the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence." *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). "The district court should also consider whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Ulmer*, 691 F.2d at 213.

We find no error in the decision not to appoint counsel with respect to the claims against the defendants other than Lemaster and Thaler. The magistrate judge viewed Marquez's claims as being "not unduly complicated" and denied counsel on that basis. In light of our decision that Marquez has raised a fact issue as to Lemaster's deliberate indifference and that the magistrate judge prematurely dismissed Marquez's claim against Thaler for prospective injunctive relief, we leave it to the magistrate judge to consider on remand whether appointment of counsel would now be appropriate.

No. 10-40378

## IV. CONCLUSION

In conclusion, we AFFIRM the magistrate judge's decision granting summary judgment to Holliday, Williams, Wallace, and Woody, REVERSE the grant of summary judgment to Lemaster in her individual capacity, and REVERSE dismissal of Marquez's claim for prospective relief against Thaler. We leave the question of counsel on the surviving claims on remand to the district court's discretion in the first instance.

# United States Court of Appeals
## FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

September 28, 2011

Mr. David Maland
Eastern District of Texas, Lufkin
United States District Court
104 N. 3rd Street
Lufkin, TX 75901-0000

No. 10-40378, Nicolas Marquez v. Nathaniel Quarterman, et al
USDC No. 9:09-CV-71

Enclosed, for the district court only, is a copy of the judgment issued as the mandate.

Enclosed, for the district court only, is a copy of the court's opinion.

Record/original papers/exhibits are returned: 2 Envelopes & Box state court papers.

The electronic copy of the record has been recycled.

Sincerely,

LYLE W. CAYCE, Clerk

By: /s/ Brandy Lemelle
Brandy C. Lemelle, Deputy Clerk
504-310-7714

cc: (letter only)
    Honorable Judith Kay Guthrie
    Mr. Don Karotkin
    Mr. Christopher Lee Lindsey
    Mr. Nicolas Marquez
    Mr. Adam Daniel Pollock

P.S. to Judge Guthrie: A copy of the opinion was sent to your office via email the day it was filed.